FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 17 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JULIAN PERALTA, CLIFFORD BOYD, ALLAH-SUN GRIFFITH, ISMAEL MONES, ROBERT GALICIA, FELIPE REYES, and SALVADOR HARRERO, *individually and on behalf of all other persons similarly situated*,

Plaintiffs,

-against-

ALLIED CONTRACTING II CORP., MINELLI CONSTRUCTION CO., INC., GEORGE KYRIAK, and JOHN DOES # 1-10,

Defendants.
----------------------------------------------------------------X

**ORDER**

**09-CV-953 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

On March 6, 2009, Plaintiffs brought this action, alleging that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 210, *et seq.* ("FLSA") and New York Labor Law. (Compl. (Docket Entry # 1).) Plaintiffs voluntarily dismissed their claims against Defendant Minelli Construction Co., Inc. (Docket Entry # 44); and, Plaintiffs have now reached a proposed settlement agreement with remaining Defendants Allied Contracting II Corp. and George Kyriak (collectively "the Allied Defendants") (Docket Entry ## 90, 93).

FLSA settlement agreements require judicial supervision or supervision by the Secretary of Labor. Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008). By Order dated July 8, 2011, pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C.§ 636(b)(1)(B), the court referred this matter to Magistrate Judge Ramon E. Reyes, Jr. for Report and Recommendation ("R&R") as to whether the proposed settlement between Plaintiffs and the Allied Defendants "represents a fair and

1

reasonable resolution" of their dispute. (Docket Entry # 106 (quoting SITA, 2008 WL 724155, at *1).)

On August 1, 2011, Judge Reyes recommended that the court approve the proposed settlement agreement between Plaintiffs and the Allied Defendants. (R&R (Docket Entry # 109).) The R&R was served on all parties, and objections were due by August 15, 2011. (Id. at 5.) No party has filed an objection, and the time to do so has now passed.

Because no party has objected, the court reviews the R&R for clear error. See Larocco v. Jackson, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The court has reviewed both the record and R&R and, finding no clear error, adopts Judge Reyes's recommendation. The court also notes that the parties have waived further judicial review of this issue by failing to object. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

## CONCLUSION

For the foregoing reasons, the settlement of Plaintiffs' claims against the Allied Defendants is approved. As all claims and cross-claims in this action have now been settled, Judge Reyes may release the escrow funds. (See Docket Entry # 53, 104.) The court will endorse the stipulation of dismissal in a separate order.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 17, 2011

NICHOLAS G. GARAUFIS
United States District Judge

2